## MARION E. ROBERTSON v. ROBERT BROWN.

FILED OCTOBER 20, 1898. No. 8344.

Torts: INSTRUCTIONS AS TO WEIGHT OF EVIDENCE: SYMPATHY. In an action for damages alleged to have been sustained by the wrong-ful act of the defendant, plaintiff is entitled to have the evidence considered by the jury uninfluenced by considerations of sympathy or public policy, and an instruction that these considerations may be properly taken into account in weighing the evidence is prejudiciously erroneous.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

· *T. E. Bennett* and *George B. France*, for plaintiff in error.

*F. C. Power, contra.*

RYAN, C.

This action was brought in the district court of York county by Marion E. Robertson for the recovery of damages because of the alleged seduction by defendant of plaintiff's wife and the alienation of her affections. There was a trial of the issues, which resulted in a verdict and judgment for the defendant.

At the request of the plaintiff the court instructed the jury that "the familiar conduct and intimate actions of the defendant towards the plaintiff's wife, and the fact, if proven by the evidence, that they were found alone together in defendant's bedroom while defendant was yet in bed and undressed, is a strong circumstance tending to prove that defendant debauched and carnally knew her." On its own motion the court instructed the jury as follows: "Although you find from the evidence that the defendant and plaintiff's wife were found alone together in defendant's bedroom while defendant was yet in bed and undressed, the act charged is one that tends to degrade the parties, and inflicts great injury

upon society, and, if the facts shown by the evidence may as well be explained upon the hypothesis of innocence as of guilt, then you should always adopt the former rather than the latter hypothesis. And if you find from the evidence that this act has been fully explained upon the hypothesis of innocence, then you should find for the defendant." Thus in one instruction the court tells the jury that a state of facts described is a strong circumstance tending to establish plaintiff's right to recover. In the course of the instructions the jury is told afterwards that if they can be explained as well on the hypothesis of innocence as of guilt, these same facts, from considerations of sympathy and public policy, should be construed favorably to the defendant. Unquestionably the jury, in view of these instructions, was confused rather than assisted, for in one the court tells them the facts constituted strong proof against the defendant and in the other treats these same facts as possibly capable of two constructions. The question to be determined was whether or not plaintiff had sustained damage by the wrongful conduct of the defendant, and plaintiff was entitled to have that question considered by a jury, uninfluenced by sentimental considerations. To him, if he had been wronged as he claimed, it was immaterial that a disclosure of the facts in a court of justice shocked the sensibilities of the public and entailed mental suffering upon guilty parties. These effects, much as they are to be deprecated, are not chargeable to the plaintiff, if the proof disclosed their existence, but they are the consequences which the actor risked when he perpetrated the wrong. In every case where guilt exists there is a sufficient temptation to excuse it on mistaken grounds of humanity without the encouragement of courts, whose duty it is to administer exact justice between litigants. The comments upon the evidence in this case serve to illustrate the wisdom of leaving the consideration of mere questions of fact to the jury, uninfluenced by comments thereon by the court. For the error in giving the above

quoted. instruction on its own motion the judgment of the district court is reversed.

REVERSED AND REMANDED.